# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA PRICE and ROBERT BOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FERRELLGAS, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:18-cv-01502-JAH-MSB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs Joshua Price and Robert Bock ("Plaintiffs") filed a Motion for Preliminary Approval of Class Action Settlement. *Doc. No.* 34. Upon careful consideration of the parties' pleadings, IT IS HEREBY ORDERED:

1. Preliminary approval of the Settlement is **GRANTED**. The Court preliminarily finds the terms of the Settlement to be fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; the procedure for giving notice to class members; the procedure for objecting to or opting out of the Settlement; and the maximum amounts allocated to an incentive payment, costs and attorney's fees.

2. Having reviewed the form and content of the Notice of Proposed Class Action Settlement submitted by the Parties as Exhibits A to their September 16, 2019 joint motion, the Court hereby approves the Notice. The Parties shall have discretion to jointly make minor non-material revisions to the Notices before emailing, mailing, and/or publishing them.

3. Defendant shall timely serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 et seq. ("CAFA"). By **November 18, 2019**, Defendants' Counsel shall serve, or cause to be served, on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

4. Plaintiffs shall timely submit the proposed settlement to the Labor and Workforce Development Agency pursuant to California Labor Code § 2699(l)(2). By **November 18, 2019**, Class Counsel shall serve, or cause to be served, on Defendant's Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with California Labor Code § 2699(l)(2).

5. For settlement purposes only, the Court certifies the Settlement Class, consisting of all persons who worked as a service technician and/or bobtail delivery driver for Defendant Ferrellgas, Inc. ("Defendant") in California at any time between May 2, 2014 and September 15, 2019, with the exception of: 1) individuals who were employed by Defendant as bobtail delivery drivers only and at no time on or after June 21, 2016, whose claims were released pursuant to the settlement in *Corlew v. Ferrellgas, Inc.*, Los Angeles County Superior Court Case No. BC521730; 2) any other person who previously settled or released any of the claims covered by this Settlement; or 3) any other person who was previously paid or received awards through civil or administrative actions for the claims covered by this Settlement.

6. The Court hereby appoints Plaintiffs Joshua Price and Robert Bock as the Settlement Class representatives.

7. The Court appoints Gregory N. Karasik of Karasik Law Firm and Alexander I. Dychter and S. Adam Spiewak of Dychter Law Offices APC as Settlement Class counsel.

8. The Court appoints Atticus Administration as the Settlement Administrator.

9. The Court directs the Settlement Administrator to provide notice to class members as set forth in the Settlement, within forty-five (45) calendar days of entry of this Order via First Class U.S. Mail. The Settlement Administrator shall promptly notify the Parties of all requests for exclusion, objections, and related correspondence received by the Response Deadline as indicated below and outlined by the Settlement Agreement.

10. Any Settlement Class Member who intends to object to the fairness of the Settlement, Class Counsel's request for Attorneys' Fees and Expenses, Plaintiffs' request for Service Awards, or any other aspect of the Settlement must file a valid Notice of Objection with the Settlement Administrator, including a written objection explaining why he or she believes the Settlement should not be approved by the Court as fair, reasonable, and adequate. The written statement of the objection must include a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each such objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention. That written statement also must contain the Settlement Class Member's printed name, address, telephone number, basis of the Settlement Class Member's inclusion in the Settlement Class, and any other supporting papers, materials, or briefs the Settlement Class Member wishes the Court to consider when reviewing the objection. The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and must state with specificity the grounds for the objection.

11. The Court orders that Class Members who do not request exclusion from the Settlement are enjoined from filing or prosecuting any claims, suits or

administrative proceedings regarding the Released Claims.

12. In addition, the Court sets the following deadlines:

    a. Deadline for members of the Settlement Class to opt out of the settlement or to object to the Settlement: **March 2, 2020**.

    b. By **March 13, 2020**, the Settlement Administrator shall file with the Court the details outlining the scope, method, and results of the Notice dissemination, including but not limited to, the number of Notice Packets mailed, any return deliveries, any unresolved disputes, objections and request for exclusion.

13. A hearing (the "Fairness Hearing") shall be held on **April 6, 2020** at 2:30 p.m. in Courtroom 13B of the United States District Court for the Southern District of California, at the James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, California 92101, to determine: (a) whether the Settlement Class should be finally certified; (b) whether the Settlement set forth in the Agreement should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) whether a final judgment should be entered dismissing the claims of the Plaintiffs and the Settlement Class Members with prejudice; (d) whether and, if so, what amount to award Attorneys' Fees and Expenses to Class Counsel pursuant to the fee application to be filed as referenced in this Order (if any); (e) whether and, if so, what amount to award Service Awards to Plaintiffs in recognition of their time and service to the Settlement Class pursuant to the application to be filed as referenced in this Order (if any); and (f) any objections to the Settlement, the application for Attorneys' Fees and Expenses, and/or the application for Service Awards.

14. All papers in support of final approval of the Settlement shall be filed with the Court and served upon all counsel of record by **March 2, 2020**. Class Counsel shall file with the Court and serve upon all counsel of record any application, and all papers in support of any such application, for an award of Attorneys' Fees and Expenses

and/or for Service Awards for Plaintiffs by **March 2, 2020**. Any reply papers shall be filed with the Court and served upon all counsel of record by **March 23, 2020**.

15. A Settlement Class Member seeking to make an appearance at the Fairness Hearing must file with the Court, by **March 2, 2020**, written notice of his or her intent to appear at the Fairness Hearing. Lawyers asserting objections on behalf of Settlement Class Members also must file a notice of appearance with the Court by **March 2, 2020**. Any Person filing an objection shall, by doing so, submit himself or herself to the exclusive jurisdiction and venue of the Court, and shall agree to be subject to discovery by the Parties.

16. Any notice of intention to appear must be addressed to the Clerk of Court; refer to the action *Price v. Ferrellgas, Inc. et al* No. 3:18-cv-01502-JAH-MSB, and must be filed with, and received by, the Clerk of Court by **March 2, 2020**, by hand delivery or first-class mail, postage prepaid, at:

> **Clerk of Court**
> U.S. District Court for the Southern District of California
> James M. Carter and Judith N. Keep Courthouse
> 333 West Broadway
> San Diego, California 92101

Copies of any such submission and all included materials also must be served upon the Parties by hand delivery or first-class mail, postage prepaid.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Court may reschedule or postpone the Fairness Hearing without further notice to the Settlement Class.

18. The Court shall retain continuing jurisdiction to resolve any dispute that may arise regarding the interpretation and enforcement of the terms of the Settlement, general administration of the Settlement and the Settlement Administrator, and post-judgment matters as appropriate under court rules or as set forth in the agreement.

19. The Court may approve amendments, modification, or expansion of the terms and provisions of the Agreement as may be agreed to by the Parties by written instrument signed by the named Parties and counsel for all Parties or their successors-in-interest without further notice to the Settlement Class.

20. IT IS FURTHER ORDERED that the hearing on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement set for November 4, 2019 at 2:30 p.m. is **VACATED**.

DATED: October 25, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT COURT