Alexander I. Dychter (SBN 234526)
S. Adam Spiewak (SBN 230872)
DYCHTER LAW OFFICES, APC
1010 Second Avenue, Suite 1835
San Diego California 92101
Telephone:  (619) 487-0777
Facsimile:   (619) 330-1827
Alex@DychterLaw.com
Adam@DychterLaw.com

Gregory N. Karasik (SBN 115834)
KARASIK LAW FIRM
11835 W. Olympic Blvd. Suite 1275
Los Angeles, CA 90064
Telephone:  (310) 312-6800
Facsimile:   (310) 943-2582
greg@karasiklawfirm.com

Attorneys for Plaintiffs
JOSHUA PRICE and ROBERT BOCK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA PRICE and ROBERT BOCK, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FERRELLGAS, INC., a Delaware Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 3:18-cv-01502-JAH-MSB <br><br> **CLASS ACTION** <br><br> Assigned to: <br> Hon. John A. Houston, District Judge <br> Hon. Michael S. Berg, Magistrate Judge <br><br> **NOTICE OF MOTION AND PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date:  June 15, 2020 <br> Time: 2:30 p.m. <br> Ctrm: 13B |

Please take notice that, on June 15, 2020, at 2:30 p.m. or as soon thereafter as counsel may be heard, in Courtroom 13B of the United States Courthouse, located at 333 West Broadway, San Diego, California, plaintiffs Joshua Price and Robert Bock ("Plaintiffs") will and hereby do move for an order granting final approval of the class action settlement reached with defendant Ferrellgas, Inc. ("Defendant") that was approved by the Court on March 23, 2020 (the "Settlement"). Specifically, Plaintiffs move for an order providing that:

1. The Court grants final approval of the Settlement, and finds the terms of the Settlement to be fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; the procedure for giving notice to class members; the procedure for objecting to or opting out of the Settlement; and the maximum amounts allocated to an incentive payment, costs and attorney's fees.

2. The Court certifies for settlement purposes the Settlement Class described in the Settlement, comprised of all persons who worked as a service technician and/or bobtail delivery driver for Defendant in California at any time between May 2, 2014 and September 15, 2019, with the exceptions of: 1) individuals who were employed by Defendant as bobtail delivery drivers only and at no time on or after June 21, 2016, whose claims were released pursuant to the settlement in *Corlew v. Ferrellgas, Inc.*, Los Angeles County Superior Court Case No. BC521730; 2) any other person who previously settled or released any of the claims covered by this Settlement; or 3) any other person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement.

3. The Court finds that class members were provided proper and adequate notice of their rights in a manner that satisfies the requirements of due process.

4. The Courts orders that all class members who did not timely file a request for exclusion from the Settlement are barred from prosecuting against the Released Parties any and all released claims as set forth in the Settlement.

5. The Court orders that Defendant make a payment into the settlement fund, in accordance with the procedures set forth in the Settlement, of the amount needed to fund all amounts payable under the Settlement.

6. The Court orders payment from the settlement fund of settlement administration fees to Atticus Administration in the amount of $7,000 in accordance with the Settlement.

7. The Court orders payment from the settlement fund of a payment to the Labor Workforce Development Agency in the amount of $4,500 in accordance with the Settlement.

8. The Court awards Plaintiffs the amount of $76,875 for reasonable attorney's fees, to be paid from the settlement fund in accordance with the Settlement.

9. The Court awards Plaintiffs the amount of $13,917.05 for reasonable litigation costs, to be paid from the settlement fund in accordance with the Settlement.

10. The Court awards Plaintiff Price the amount of $6,000 and Plaintiff Bock the amount of $4,000 as a class representative enhancement payment, to be paid from the settlement fund in accordance with the Settlement.

11 The Court directs this order to be entered as a final judgment dismissing the action with prejudice.

12. The Court orders that, notwithstanding entry of final judgment, the Court shall retain jurisdiction in this matter for the purposes of interpreting or enforcing the Settlement or final judgment.

Plaintiffs' motion is made under Rule 23 of the Federal Rules of Civil Procedure on the grounds that the Settlement is fair, reasonable and adequate; and that in accordance with due process, class members were provided notice of their rights under the Settlement in a reasonable manner and were given a reasonable opportunity to exclude themselves from the Settlement.

/ / /

/ / /

Plaintiffs' motion is based on this Notice, the Memorandum of Points and Authorities, and the Declarations of Gregory N. Karasik, Alexander I. Dychter, Joshua Price, Robert Bock and Christopher Longley submitted herewith; all other pleadings and papers on file in this action; and any oral argument or other matter that may be considered by the Court.

Dated: May 1, 2020

KARASIK LAW FIRM
DYCHTER LAW OFFICES, APC

By: s/ Alexander I. Dychter
E-Mail: Alex@DychterLaw.com
Attorneys for Plaintiffs Price and Bock and the Settlement Class